THOMAS NATALI, PLAINTIFF, v. SALVATORE VENTI MIGLIA AND FRED R. HUETTIG, DEFENDANTS.

Submitted January term, 1931—Decided January 28, 1932.

Before Justices CASE, DALY and DONGES.

For the rule, *Aaron L. Simon.*

*Contra, Kellogg & Chance.*

PER CURIAM.

This action was brought to recover damages for personal injuries sustained by the plaintiff when a Ford truck in which he was riding, owned by the defendant Salvatore Venti Miglia, collided with an automobile owned and driven by the defendant Fred R. Huettig. Joseph Venti Miglia, a brother of the owner, was the driver and in control of the truck, and the plaintiff was riding in the truck as his invitee. There was a directed verdict, on the trial, in favor of the defendant Miglia, and the jury returned a verdict against the defendant Huettig for $750.

The plaintiff secured a rule to show cause why this verdict should not be set aside and a new trial awarded as to damages only, and urges as reasons therefor, that the verdict is (1) inadequate; (2) contrary to the court's charge on the question of damages, and (3) against the weight of the evidence as to damages.

The testimony for the plaintiff was that his injuries consisted of a bruise on the head, a laceration of the right side of his head, a laceration of his nose, a long curved laceration

of his wrist and a slight injury to the knee and leg; that the wounds on the face and wrist became infected requiring drainage; that the wound on the face required a doctor's services for four weeks and that on the wrist for six or seven weeks, after which electrical and lamp treatments were applied by a nurse. The total bill for medical attention was $75.

The plaintiff testified he was confined to his bed for two weeks after the accident, and to his home for six weeks more, that he was unable to work for three months after the accident. He, a stone cutter, was in the monument business, and testified he employed a man during his incapacity at a wage of $60 a week for eleven weeks, and thereafter employed another man at $12 a day for two or three days a week during a period of a month and a half because he had not yet entirely recovered the use of his hand as a result of the cut on the wrist.

Evidently the jury by rendering a verdict in an amount of but $750 did not believe the plaintiff's story as to these payments, or if the payments were made, that they were made necessary because of his incapacity flowing from this accident. Why? Neither of the men, so claimed to have been employed by the plaintiff, was called as a witness or even named in the testimony. Their absence was not explained; and there were no records produced, or other corroboration advanced, to show the alleged payments to these men, or to show any loss in plaintiff's mason business. Besides, it is reasonably probable that substantial doubt of the reliability of plaintiff's testimony as to the effect and extent of his injuries, and the measure and length of his incapacity, was raised in the jurors' minds by his admissions under cross-examination. While he had repeatedly asserted he had been confined to bed for two weeks immediately after the accident, and to his home for six weeks more, he finally admitted that he was out of bed two days after the accident to appear as a witness in the police court at Fairlawn, his attorney was with him; and that on one occasion he was examined by a doctor at his lawyer's office and on another occasion he was examined by a doctor at his attending physician's office, both within eight weeks after the accident.

We do not find that the verdict is inadequate, or against the weight of the evidence as to damages, or contrary to the court's charge on the question of damages.

The rule to show cause will be discharged.